# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Hawk Technology Systems, LLC, a Florida corporation,<br><br>    Plaintiff,<br><br>v.<br><br>Skechers U.S.A., Inc., a Delaware corporation,<br><br>    Defendant. | C.A. No. 2:14-cv-14445-SJM-MKM<br><br>Hon. Stephen J. Murphy, III<br>Mag. Mona K. Majzoub |

## DEFENDANT SKECHERS U.S.A., INC.'S MOTION AND BRIEF TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Skechers USA, Inc. hereby moves this Court to dismiss Hawk Technology Systems, LLC's Complaint because Skechers is not subject to specific or general personal jurisdiction in Michigan. Skechers is neither incorporated, nor has its principal place of business in Michigan. Furthermore, the alleged conduct occurred in California, not Michigan. The Complaint should therefore be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure

**BRIEF**

- i -

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Whether the Complaint should be dismissed for lack of personal jurisdiction, where the allegedly infringing acts were all conducted in California and Defendant Skechers U.S.A., Inc. is not "at home" in Michigan?

Skechers U.S.A., Inc. Answers: *Yes*

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUE PRESENTED ................................................................ i

CONTROLLING AUTHORITY .............................................................................................. iii

TABLE OF AUTHORITIES ..................................................................................................... iv

I. INTRODUCTION ........................................................................................... 1

II. STATEMENT OF FACTS .............................................................................. 2

III. STANDARD OF REVIEW ............................................................................. 4

IV. ARGUMENT ................................................................................................... 4

    A. THIS CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION ........................................................................ 4

        1. There Is Not Specific Personal Jurisdiction Over Skechers In This Case Because The Allegedly Infringing Conduct Did Not Occur In Michigan ........................................................................................... 5

        2. There Is Not General Personal Jurisdiction In This Case Because Skechers Is Not "At Home" In This Forum ........................................ 7

V. CONCLUSION .............................................................................................. 11

## CONTROLLING AUTHORITY

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)

Federal Rule of Civil Procedure 12(b)(2)

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)

*Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351 (Fed. Cir. 2002)

*Trusted Integration, Inc. v. U.S.*, 659 F.3d 1159 (Fed. Cir. 2011)

# TABLE OF AUTHORITIES

## Cases

*Allstate Ins. Co. v. Electrolux Home Prods., Inc.*,
No. 1:14-cv-329, 2014 WL 3615382 (N.D. Ohio July 18, 2014) ........ 8

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
566 F.3d 1012 (Fed. Cir. 2009) ........................................................ 4

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
552 F.3d 1324 (Fed. Cir. 2008) ........................................................ 7

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ........................................................................ 5

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ........................................................ 5, 7, 8, 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) .................................................................... 5, 7

*Hildebrand v. Steck Mfg. Co.*,
279 F.3d 1351 (Fed. Cir. 2002) ........................................................ 4

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
No. 02-md-875, 2014 WL 5394310 (E.D. Pa. Oct. 23, 2014) ............. 9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................ 5

*Med. Solutions, Inc. v. C Change Surgical LLC*,
541 F.3d 1136 (Fed. Cir. 2008) ........................................................ 4

*Monkton Ins. Servs., Ltd. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) ........................................................... 8

*Trusted Integration, Inc. v. U.S.*,
  659 F.3d 1159 (Fed. Cir. 2011) .............................................................. 4

*Walden v. Fiore*,
  134 S.Ct. 1115 (2014) .................................................................... 5, 6

## Other Authorities

Federal Rule of Civil Procedure 12(b)(2) .................................................... 1, 10

## I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Hawk Technology systems, LLC's ("Hawk's") patent infringement lawsuit against Skechers U.S.A., Inc. ("Skechers") should be dismissed for lack of personal jurisdiction.  *First*, it is undisputed that all the allegedly infringing conduct occurred in California, not Michigan.  Accordingly, specific personal jurisdiction by this Court over Skechers does not exist in this case.  *Second*, Skechers is not subject to general personal jurisdiction in Michigan because Skechers is not "at home" in Michigan.  In particular, Skechers is neither incorporated, nor has its principal place of business in Michigan.  Further, the five retail stores that Skechers operates in this State are not an "exceptional circumstance" that justifies treating Skechers as having a "surrogate" home in Michigan.

Given Skechers' lack of substantial contacts with the State of Michigan, it is unclear why Hawk has chosen to sue Skechers in this State, particularly since Hawk has initiated four similar patent infringement lawsuits in California against other companies.[1]  What is clear, however, is that since Skechers is not subject to specific or general personal jurisdiction in Michigan, Hawk's Complaint should be dismissed under Rule 12(b)(2).

---

[1] Each of those four lawsuits was filed in 2014 and alleges infringement of the same patent-in-suit asserted here.(*see* Civil Action Nos. 2:2014-cv-1181; 2:2014-cv-8443; 2:2014-cv-3879; 5:2014-cv-2217).

## II.  STATEMENT OF FACTS

Hawk filed its Complaint against Skechers on November 20, 2014, alleging that Skechers infringes United States Patent No. RE43,462 ("the '462 Patent"), which is a reissue of United States Patent No. 5,625,410 (D.I. 1 at ¶ 1). Each of the claims of the '462 Patent identified in Hawk's Complaint concern a video storage and display system, or a method of using the same (*see id.* at ¶¶ 16-18).

Rather than specify any conduct that has occurred in Michigan, however, the information relied on by Hawk shows that the allegedly infringing conduct by Skechers has occurred *only* in California (*see* D.I. 1 at ¶¶ 19, 25 and Ex. A). In particular, Hawk alleges that Exhibit A to its Complaint evidences that Skechers "used a video storage and display system" in violation of its patent rights. Specifically, Exhibit A to Hawk's Complaint, a press release from Tyco Security Products, and the only evidence relied on by Hawk, provides that Skechers has installed an American Dynamics' video surveillance solution to secure its flagship distribution facility in Rancho Belago, California (*id.* at Ex. A). Further, the press release states that "Select Systems Technology, Inc.," the systems integrator on the project, is also based in Torrance, California (*id.*).[2]

---

[2] Moreover, while the American Dynamics press release was issued from Westford, Massachusetts (*id.*), American Dynamic's headquarters is in Boca Raton, Florida.

Just as the conduct at issue in this case occurred outside of Michigan, so too are the vast majority of Skechers' business operations conducted outside of the State of Michigan. Significantly, Skechers is a Delaware corporation that is headquartered in Manhattan Beach, California (Declaration of Hal Randall in Support of Defendant Skechers U.S.A., Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction ("Randall Dec.") at ¶ 4). Skechers does not have a corporate office in Michigan (*id.* at ¶ 5).

The retail sales-related activities that Skechers does conduct in Michigan are no different than (and, depending on the state, substantially less than) its corresponding activities in other states. In fact, a small portion (less than 1.5%) of Skechers' U.S. retail sales occurs in Skechers' five retail stores in the Michigan, and an even smaller portion of Skechers' global sales occurs in Michigan because Skechers products are sold throughout the United States and in more than 100 countries and territories throughout the world (*see id.* at ¶¶ 10, 12-13). For example, as of early 2014, Skechers operated over *three hundred* retail stores in the United States, with over *eighty* retail locations in California (*id.* at ¶¶ 9, 11).

In order to help distribute its products throughout the world, Skechers operates two distribution centers: one in California (where the accused technology in this case is located), and another in Belgium (*id.* at ¶ 16). Skechers has no such distribution center in Michigan (*id.*). As of January 31, 2014, Skechers employed

3

6,868 persons (*id.* at ¶ 14). None of Skechers' corporate officers or directors live or work in Michigan, and only a small percentage of its employees work at the five retail stores in the State (*id.* at ¶¶ 5, 15).

### III.  STANDARD OF REVIEW

Federal Circuit law governs whether personal jurisdiction exists in patent cases. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002) ("We apply Federal Circuit law to determine whether the district court properly exercised personal jurisdiction over out-of-state defendants in patent infringement cases."); *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009). On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Trusted Integration, Inc. v. U.S.*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

### IV.  ARGUMENT

**A.  THIS CASE SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

Personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute, and if the exercise of personal jurisdiction would not deny the defendant due process. *Med. Solutions, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, 1139 (Fed. Cir. 2008). Due

4

process requires an inquiry into whether the facts of the case demonstrate that the nonresident defendant possesses such "minimum contacts" with the forum state that the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In analyzing the due-process limits of personal jurisdiction, courts make a distinction between "specific" and "general" jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). As set forth below, neither specific nor general jurisdiction exists over Skechers in Michigan, and thus this case should be dismissed.

### 1. There Is Not Specific Personal Jurisdiction Over Skechers In This Case Because The Allegedly Infringing Conduct Did Not Occur In Michigan

Specific jurisdiction authorizes a court to exercise "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Exercise of specific jurisdiction over a non-resident corporation satisfies Due Process when the corporation has purposefully directed its activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Walden v. Fiore*, 134 S.Ct. 1115, 1121 n. 6 (2014) ("Specific or case-linked jurisdiction depends on an affiliatio[n] between the forum and the

5

underlying controversy (*i.e.,* an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation")) (internal quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 134 S. Ct. at 1121.

Hawk's unsubstantiated and factually inaccurate allegations fail to identify any acts by Skechers within the state of Michigan that relate to the alleged infringement of the '462 Patent, and are thus insufficient to maintain this suit. The lone jurisdictional-specific allegation in Hawk's Complaint provides:

> [t]his court has personal jurisdiction over Skechers because Skechers (a) operates, conducts, engages in and/or or carries on a business in the State of Michigan; (b) committed tortious acts within the State of Michigan; and (c) is engaging in substantial and not isolated activity within the State of Michigan.

(D.I. 1, at ¶ 7.) Statements (a) and (c) concern only general jurisdiction, and therefore are addressed in Section I.B. below.

Statement (b) is the only allegation that relates to specific jurisdiction, but it is not supported by any facts, or even allegations in Hawk's Complaint. Specifically, Hawk alleges that Skechers' infringes the '462 Patent by the use of a video storage and display system located at Skechers' distribution facility in Rancho Belago, California (D.I. 1, at pp. 5, 8-9). Hawk does not allege that

6

Skechers even has an allegedly infringing video storage and display system in Michigan. Nor could Hawk, as no such system exists (Randall Dec. at ¶¶ 17-18).

Further, in order to acquire its *California*-located video surveillance system, Skechers, a *California-based* company, purchased the equipment from a system integrator, Select Systems Technology, which is also located in *California* (*id.* at ¶ 19). At no point was any company or person in Michigan involved in the purchase, installation, or use of Skechers' *California*-located video storage and display system (*see id.* at ¶¶ 17-19).

In sum, Skechers' accused video storage and display system has *no* connection to Michigan. Accordingly, despite its unsupported allegations to the contrary, Hawk cannot carry its burden of showing that specific personal jurisdiction exists over Skechers in Michigan with regard to this lawsuit.

### 2. There Is Not General Personal Jurisdiction In This Case Because Skechers Is Not "At Home" In This Forum

General jurisdiction permits a state to exercise jurisdiction over a defendant even if the cause of action is wholly unrelated to the defendants' contacts with the state. *Helicopteros*, 466 U.S. at 414-15. "To establish the minimum contacts necessary to establish general personal jurisdiction, plaintiffs bear a higher burden." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). In particular, for there to be general jurisdiction over a corporate

7

defendant, the corporation's contacts with the forum must be so "continuous and systematic," judged against the corporation's national and global activities, that it is "essentially at home" in that state. *Daimler*, 134 S. Ct. at 754, 761–62 & n. 20. "A corporation that operates in many places can scarcely be deemed to be at home in all of them." *Id.* at 762 n. 20. Otherwise, "at home" would be synonymous with "doing business," and thus merely "engag[ing] in a substantial, continuous, and systematic course of business" is not sufficient to render a corporation at home in that jurisdiction. *Id.* at 760-62 & n. 20.

Unless the facts show an "an exceptional case," a corporation is typically at home only where it is incorporated or the location of its principal place of business. *See id.* at 761 & n. 19. Here, it is undisputed that Skechers is incorporated in Delaware with a principal place of business in California (D.I. 1 at ¶ 4). Thus, thus this must be an exceptional case for there to be general personal jurisdiction in Michigan.

The burden for showing an exceptional case, not surprisingly, is quite high. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business."). Indeed, in order to find a case exceptional, the defendant's operations in the forum state must be more substantial than in any other state, such that the defendant's forum contacts may substitute for

8

its place of incorporation or principal place of business. *See Daimler*, 134 S. Ct. at 756 n.8, 761 n.19 (holding that a case is exceptional when a corporation's forum contacts are sufficiently substantial so as to constitute a "surrogate . . . place of incorporation or head office."); *see also Allstate Ins. Co. v. Electrolux Home Prods.*, Inc., No. 1:14-cv-329, 2014 WL 3615382, at *4 (N.D. Ohio July 19, 2014); *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 02-md-875, 2014 WL 5394310, at *3 (E.D. Pa. Oct. 23, 2014). In *Daimler* for instance, the Supreme Court held that several facilities and a regional office in the forum state, coupled with significant sales, was not enough to make a company "essentially at home" in the forum. *Daimler*, 134 S. Ct. at 761-62, 766-67.

Skechers' contacts in Michigan are significantly less than what the Supreme Court found to be insufficient to establish general personal jurisdiction in *Daimler*. Skechers does not maintain a corporate office in Michigan, nor do its officers and directors live or work in Michigan. Five (or less than 2%) of the over 300 Skechers' U.S. retail stores are located in Michigan (Randall Dec. at ¶¶ 9-10). Of the nearly 7,000 persons employed by Skechers, only a tiny fraction work in Michigan's five retail stores (*id.* at ¶¶ 14-15). In order to distribute its products, Skechers maintains a distribution center in California, not in Michigan (*id.* at ¶ 16). Collectively, Skechers' retail store sales in Michigan accounts for less than 1.5% of its U.S. retail sales (*id.* at ¶ 12).

9

Hawks only jurisdictional-specific allegations otherwise are that Skechers purportedly "operates, conducts, engages in and/or carries on a business in the State of Michigan" and "is engaging in substantial and not isolated activity within the State of Michigan" (D.I. 1 at ¶ 7). Neither statement, however, applies the proper general jurisdiction framework, *i.e.* whether Skechers limited retail activity in the State of Michigan is sufficient for Skechers to be deemed "at home" in this State. Accordingly, Hawk's Complaint falls short of even *pleading* what is necessary to establish general personal jurisdiction (much less *proving* facts sufficient to do so).

Under any reasonable analysis, Skechers does not have a "surrogate" headquarters in Michigan that would render this an exceptional case. Hawk therefore cannot carry its burden to show general personal jurisdiction exists over Skechers in *any* state outside of California (its principal place of business) or Delaware (where it is incorporated)—much less in Michigan. Because neither personal nor general personal jurisdiction exists over Skechers in Michigan, this case should be dismissed.

## V.     CONCLUSION

Based on the foregoing, the Complaint should be dismissed against Skechers for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Dated:  December 23, 2014            Respectfully submitted,

/s/ Thomas W. Cunningham
Thomas W. Cunningham (P57899)
BROOKS KUSHMAN P.C.
1000 Town Center
Twenty-Second Floor
Southfield, MI 48075
Tel: (248) 358-4400
Fax: (248) 358-3351
tcunningham@brookskushman.com

Robert L. Lee
bob.lee@alston.com
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel. (404) 881-7000
Fax (404) 881-7777

*Counsel for Defendant*
*Skechers U.S.A., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2014, I electronically filed the foregoing papers with the Clerk of the court using the ECF system, which will send notification of such filing to all ECF participants.

/s/ Thomas W. Cunningham